IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:09-CR-097-FL-2
7:11-CV-161-FL

| | | |
|---|---|---|
| DANIEL AREVALO-HERNANDEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (DE # 53) of Daniel Arevalo-Hernandez ("petitioner") and the motion to dismiss (DE # 60) filed by respondent, the United States of America ("respondent"). Also before the court is petitioner's "Motion for Government to Produce All Compelling Discovery that Pertains to Petitioner's Case" (DE # 58). The matter is ripe for ruling. For the reasons that follow, the court dismisses the § 2255 petition and denies petitioner's motion for discovery.

## STATEMENT OF THE CASE

On November 4, 2009, petitioner entered a plea of guilty, pursuant to a written plea agreement, to one count of conspiring to distribute and possess with the intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 846 (count one), and one count of knowingly and intentionally using and carrying a firearm during and in relation to a drug trafficking crime, and possessing the firearm in furtherance of the drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (count four), as set forth in the Indictment (DE # 1). The remaining counts against

petitioner, counts three, five, and seven, were dismissed by the court on motion of the government. On May 12, 2010, the court, after granting respondent's motion for a downward departure from the applicable guidelines sentencing range based on petitioner's substantial assistance, sentenced petitioner to a thirty-six (36) month term of imprisonment for count one and sixty (60) months for count four, with the terms to run consecutively for a total period of incarceration of ninety-six (96) months. Petitioner did not appeal his conviction or sentence.

On April 18, 2011, petitioner filed a "Motion for Government to Produce All Discovery Documents to Defendant's Case" (DE # 49). On May 10, 2011,[1] petitioner filed a motion (DE # 50) requesting an additional ninety days in which to file his § 2255 petition. In the motion, petitioner reiterated the assertion from his motion for discovery that he had been unable to obtain requested documents from his attorney. He also explained his understanding that his § 2255 motion "needs to be filed within a year of my sentence which will fall upon May 12th 2011." He further asserted that it was "impossible" for him to prepare a § 2255 petition without access to the documents he had been requesting from his attorney and the court. On May 25, 2011, the court entered an order (DE # 51) denying petitioner's motion for extension of time because petitioner had not yet submitted an actual § 2255 motion and his motion for extension of time did not present any argument which could be construed as a "claim" under § 2255. On June 3, 2011, petitioner filed a response (DE # 52) to this order, in which he once again described his unsuccessful efforts to obtain documents from his attorney and asked that the "court allow an extention [sic] for him to file his 2255 motion." Finally, on August 2, 2011, petitioner filed the instant § 2255 petition. On August 31, 2011, respondent filed

---

[1] Although the motion was filed in the court on May 16, 2011, it was dated by petitioner on May 10th and postmarked May11th.

its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the petition is barred by the statute of limitations. Petitioner has filed a response (DE # 63), in which he mostly discusses the merits of his claims, but in which he also appeals to this court's "discretion as far as the filing of the application is concern."

## DISCUSSION

A.  Standard of Review

   1.  28 U.S.C. § 2255

Petitioner has filed a motion to vacate pursuant to 28 U.S.C. § 2255, which requires a petitioner asserting constitutional error to prove that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). In such a proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

   2.  Fed. R. Civ. P. 12(b)(6)

When subjected to a Rule 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is *plausible* on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir.2008) (emphasis in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Supreme Court in Twombly upheld a Rule 12(b)(6) dismissal because the complaint failed to allege facts sufficient to show a claim was plausible rather than merely conceivable. See Monroe v. City of Charlottesville, Va., 579 F.3d 380, 386 (4th Cir.2009), cert. denied, 130 S.Ct. 1740 (2010). Accordingly, a district court considering a motion to dismiss under Rule 12(b)(6) "must determine whether it is plausible that the factual allegations in the complaint

are enough to raise a right to relief above the speculative level." Simmons v. United Mortg. and Loan Inv., LLC, 634 F.3d 754, 768 (4th Cir.2011) (internal quotations and citations omitted). "[T]he court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Monroe, 579 F.3d at 385–86 (quotation marks and alteration marks omitted).

B.  Analysis

Section 2255 establishes a one-year limitations period for the filing of a motion to vacate sentence.[2] Petitioner's previous observation that his motion to vacate must be filed within one year of the date judgment was entered correctly identifies § 2255(f)(1) as the governing provision of the statute of limitations, even if he slightly errs in his application of the statute to the facts of his case. Because petitioner did not appeal his conviction or sentence, his conviction became "final" for purposes of § 2255(f)(1) on May 26, 2010, the date marking the expiration of time during which he could have filed a notice of appeal pursuant to Fed. R. App. P. 4(b)(1)(A)(i).[3] Thus, petitioner had

---

[2] According to the statute, the running of the one-year limitations period can be triggered by any of the following events:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f)(1)-(4).

[3] See, e.g., United States v. Johnson, 203 F.3d 823, at *1 (4th Cir. 2000) (unpublished table decision) ("A movant has one year from the date on which the judgment of conviction becomes final to file a motion under § 2255. Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal.").

until May 26, 2011, rather than May 12, 2011, to file the instant petition. Because petitioner did not file his motion to vacate until, at the earliest, August 2, 2011, the petition is untimely.

Petitioner's appeal to the "discretion" of this court can only be construed as a request that the court equitably toll the statute of limitations in this case, given petitioner's frustrated efforts to obtain certain documents in advance of preparing and filing his motion to vacate. "Equitable tolling applies to the statute of limitations in § 2255 proceedings." United States v. Oriakhi, 394 F. App'x 976, 977 (4th Cir. 2010) (citing Holland v. Florida, 560 U.S. _, 130 S.Ct. 2549 (2010)). However, the barrier to application of the remedy of equitable tolling is significant. "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Hence,

> [e]quitable tolling is available only in those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result. Thus, to be entitled to equitable tolling, an otherwise time-barred petition must present (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.

United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (citations and internal quotations omitted). In addition to the requisite "extraordinary circumstance," a petitioner seeking equitable tolling of the statute of limitations must act with "'reasonable diligence'" in pursuing the filing of the otherwise time-barred petition. Holland, 560 U.S. at _, 130 S.Ct. at 2565 (quoting Lonchar v. Thomas, 517 U.S. 314, 326 (1996)). Against this backdrop, the circumstances of this case are not "extraordinary" and petitioner has not shown the requisite diligence in pursuing the filing of his § 2255 motion.

5

Petitioner's efforts to obtain what he perceives as relevant documents as a precursor to the filing of his motion to vacate are understandable, even commendable. The court is sympathetic to the notion that petitioner might desire certain documents in order to prepare a non-frivolous and informed motion to vacate. However, courts have repeatedly recognized that a petitioner's efforts to obtain documents from counsel, the government, or the courts are not, even where those efforts are thwarted, sufficient to warrant equitable tolling from the standpoint of requisite diligence or "extraordinary circumstances." See Oriakhi, 394 F. App'x at 977 (finding that, although petitioner "doggedly pursued a transcript" and other relevant legal documents from his attorney, he "failed to show that he diligently pursued his § 2255 motion"); Rivera v. United States, 719 F. Supp.2d 230, 234-236 (D. Conn. 2010) (finding that petitioner failed to show "extraordinary circumstances" or reasonable diligence where he sought over prolonged period to obtain documents from his counsel, such documents were mishandled by prison mail room when finally sent by attorney, and where petitioner had asked for extension of the limitations period prior to its expiration); and United States v. Cervantes, 2008 WL 4200163, at *2 (D.S.D. Sept. 11, 2008) (citation omitted) ("Delays in obtaining documentary evidence to support a motion to vacate do not entitle the defendant to an extension of the limitations period. While defendant may desire to have copies of certain discovery documents or briefs, possession of those documents is not a prerequisite to filing a motion to vacate.").

Thus, the court finds that the circumstances complained of by petitioner in this case are not "extraordinary." See Rivera, 719 F.Supp.2d at 234 ("In contrast, the circumstances faced by Mr. Rivera–difficulty in contacting his attorney and delays caused by the prison mail system–were consistent with the ordinary inconveniences experienced by all prisoners."). Moreover, petitioner's

struggle to get documents from his attorney did not actually prevent him from filing a § 2255 motion because there is no requirement that petitioner review such documents prior to filing his § 2255 motion. While petitioner "may have subjectively believed that he could not properly file a § 2255 motion without first reviewing [the requested documents], his unfamiliarity with the legal process or ignorance of the law cannot support equitable tolling." Oriakhi, 394 F. App'x at 977. Furthermore, as in Oriakhi, petitioner succeeded in filing a § 2255 motion without the benefit of the documents he professed to need. Id. Finally, as to petitioner's diligence in pursuing § 2255 relief, after he was made aware that the court had denied his motion for extension of time in which to file the motion, petitioner waited approximately two months before finally filing his § 2255 motion. Petitioner also has provided no account of any diligent effort on his part to pursue filing his § 2255 motion in the approximately nine months following his sentence before he began writing his attorney in February, 2011, to request records. Considering all of these circumstances, the court finds that petitioner has not shown the requisite "extraordinary circumstance" or "reasonable diligence" for purposes of applying equitable tolling in this case. Because petitioner's § 2255 motion to vacate is untimely and he is not entitled to equitable tolling of the statute of limitations, respondent's motion to dismiss is granted.

C.  Certificate of Appealability

The court now must determine whether petitioner is entitled to a certificate of appealability. Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides in pertinent part that a § 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a

7

constitutional right." See 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court likewise is debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

Petitioner has failed to meet the requirements for a certificate of appealability. The court properly dismissed petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 because it is untimely and petitioner is not entitled to equitable tolling of the limitations period. Petitioner has not shown that reasonable jurists would find that decision debatable. Therefore, petitioner is not entitled to a certificate of appealability.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE # 60) is GRANTED, petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE # 53) is DISMISSED, and petitioner's "Motion for Government to Produce All Compeling [sic] Discovery that Pertains to Petitioner's Case" (DE # 58) is DENIED as moot. The court also DENIES a certificate of appealability. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the ___ day of January, 2012.

LOUISE W. FLANAGAN
United States District Judge